In the Matter of the Claim of Mrs. SOPHIA HANSEN, the Alleged Mrs. FRED WELLS, Appellant, v. THE MOHJAR CORP. and STATE INSURANCE FUND and COMMISSIONER OF TAXATION AND FINANCE, Respondents. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the claimant from a decision of the State Industrial Board which disallowed the claim for death benefits made by the claimant herein on the ground that the claimant was not the common-law wife of Fred Wells. The only question in this case is whether the claimant was the common-law wife of the deceased. The deceased and claimant lived together for fifteen years, holding themselves out to the public as husband and wife. The widow testified that because the deceased stated that he did not believe in a ceremonial marriage that they would live together without the benefit of a ceremonial marriage. An award was made to the claimant by the referee but was later reversed. The relationship between the claimant and the deceased began about four years before the claimant's husband secured a divorce from her in the State of New Jersey. The divorce between the claimant and her former husband was granted in 1921. Afterwards, and in 1922 or 1923, claimant and the deceased agreed to be man and wife and started to live together as such. The deceased gave the claimant an engagement ring and a wedding ring before they went to apply for a job as husband and wife, which they received. They continued to live together after the exchange of these promises and after the divorce between the claimant and her former hus-

band until the deceased died from the accident. They were held out and accepted as man and wife by everyone who knew them. There was introduced in evidence a letter dated May 18, 1931, from Mill Road Farm, Everett, Ill., recommending Mr. Wells and saying: " His reason for leaving is that we can no longer provide quarters for himself and wife." By another letter in evidence, dated February 4, 1927, written by Wells to The Farmers Bureau, Inc., the deceased notified the Bureau that he was leaving the position that he then occupied and that he was looking for another position and in this communication he said that he preferred a place where he could have full charge and no work for Mrs. Wells as he did not care to board help. While it is true that the claimant and the deceased lived together some four years before the divorce, after the divorce was granted they then agreed to become man and wife without a ceremonial marriage and an engagement and wedding ring was given the claimant by the deceased and from that time until the death of the deceased they worked together and pooled their money and were everywhere spoken of as husband and wife. This went on for many years. The claimant is upwards of sixty years of age. The evidence in the record shows that she is a respectable woman. The evidence is sufficient to establish that she was the common-law wife of the deceased and became such after the divorce by agreement. Award* of the State Industrial Board reversed and the matter remitted to the State Industrial Board for the purpose of making an award to the claimant in accordance with this decision, with costs against the State Industrial Board. Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ., concur.

* The decision appealed from was contained in the award to Special Funds.— [REP.